**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| **GREGORY CANNON,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | Civil Action No. 12-10512-DJC |
| | ) | |
| **AETNA LIFE INSURANCE COMPANY,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                       **May 28, 2014**

## I.      Introduction

Plaintiff Gregory Cannon ("Cannon") brought this action against the PharMerica Temporary Disability Income Plan (the "Plan") and the Plan's claims fiduciary, Aetna Life Insurance Company ("Aetna") (collectively, the "Defendants") under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 *et seq.*, alleging that the Defendants improperly denied Cannon short-term disability benefits. In a prior order, the Court allowed Cannon's motion for summary judgment in part, remanding this action to Aetna for further proceedings. D. 52. Cannon has now moved for attorneys' fees and costs. For the reasons stated below, the Court ALLOWS the motion, but will award him only some of the fees and costs that he seeks.

## II.     Background

In its prior order, D. 52, the Court determined that Aetna acted arbitrarily and capriciously by failing to follow the recommendation of its independent reviewing physician, Dr.

Wendy Weinstein.  Id. at 15.  In providing her report to Aetna, Dr. Weinstein concluded that it would be "beneficial" to review the medical records from Cannon's primary care physician, Dr. Chiang.  Id.  The Court found that "[l]imited remand to Aetna is appropriate given Dr. Weinstein's recommendation as to the absence of these records, particularly Dr. Chiang's records, and also in light of the fact, as discussed below, that Aetna's failure to give Cannon full access to his claim file did not give him a meaningful opportunity to supplement that file with Dr. Chiang's records during his appeal."  Id.  In doing so, the Court expressed that remand was appropriate so that Dr. Weinstein and other independent reviewing physicians to update their reports so that they can reflect Dr. Chiang's records.  Id. at 16.

In addition, the Court concluded that Aetna's failure to disclose Cannon's entire claim file during the administrative appeal process, in violation of ERISA interpretive guidelines, 29 C.F.R. 2560.503-1(h)(2)(iii), and in contravention of First Circuit case law, DiGregorio v. Hartford Comprehensive Emp. Benefit Serv. Co., 423 F.3d 6, 15 (1st Cir. 2005), was prejudicial to Cannon, because he was not on notice that Dr. Chiang's records were absent from the claim file, depriving him of a meaningful opportunity to proffer these records himself.  Id. at 17-18. This provided the Court with independent, albeit related, grounds to remand this matter.

Finally, the Court also concluded that Aetna's award of benefits for only four days of Cannon's hospitalization was not arbitrary and capricious, though it left this matter open for consideration in light of the absence of Dr. Chiang's records.  Id. at 18-19.

The Court denied Cannon's motion as to the remainder of his grounds for relief.

III.     Discussion

    A.      Cannon Has Demonstrated "Some Degree of Success" on the Merits

ERISA provides that claimants seeking relief may recover "a reasonable attorney's fee

and costs" at the court's "discretion." 29 U.S.C. § 1132(g)(1). Although some statutory schemes providing for the recovery of attorneys' fees require that such recovery is only available to the "prevailing party," see, e.g., 42 U.S.C. § 1988(b), ERISA requires only that the claimant achieve "some degree of success on the merits." Hardt v. Reliance Std. Life Ins. Co., 560 U.S. 242, 245 (2010). A claimant does not satisfy this requirement by achieving "trivial success on the merits" or a "purely procedural victory." Id. at 255 (citation and alterations omitted). In Hardt, the claimant persuaded the district court that the plan administrator did not comply with ERISA guidelines and that she "did not get the kind of review to which she was entitled under applicable law," remanding the matter to the plan administrator, which eventually reversed its decision and awarded the claimant benefits. Id. at 255-56. In light of the district court's determination, the Supreme Court concluded that the claimant earned "far more" than a purely procedural or trivial victory and was therefore entitled to attorneys' fees. Id. at 256.

Courts in this Circuit may consider five factors to determine whether an attorneys' fees award is appropriate, see Cottrill v. Sparrow, Johnson & Ursillo, Inc., 100 F.3d 220, 225 (1st Cir. 1996); but see Hardt, 560 U.S. at 255 & n.8 (concluding that consideration of these factors is permissible, but not necessarily required). These factors are: "(1) the degree of culpability or bad faith attributable to the losing party; (2) the depth of the losing party's pocket, i.e., his or her capacity to pay an award; (3) the extent (if at all) to which such an award would deter other persons acting under similar circumstances; (4) the benefit (if any) that the successful suit confers on plan participants or beneficiaries generally; and (5) the relative merit of the parties positions." Cottrill, 100 F.3d at 225.

Since the Supreme Court decided Hardt, many district courts, including other judges in this district, have concluded that "a remand to the defendant to conduct further administrative

proceedings is not a merely procedural victory," Petrone v. Long Term Disability Income Plan for Choices Eligible Employees of Johnson & Johnson & Affiliated Companies, No. 11-10720-DPW, 2014 WL 1323751, at *1 (D. Mass. Mar. 31, 2014); McCarthy v. Commerce Grp., Inc., 831 F. Supp. 2d 459, 493 (D. Mass. 2011); see also Scott v. PNC Bank Corp. & Affiliates Long Term Disability Plan, No. WDQ-09-3239, 2011 WL 2601569, at *4 (D. Md. June 28, 2011) (citing Frye v. Metro. Life Ins. Co., No. 3:10–0107, 2011 WL 466686, at *5 (W.D. W.Va. 2011)); Young v. Verizon's Bell Atlantic Cash Balance Plan, 748 F. Supp. 2d 903, 911–12 (N.D. Ill. 2010); Bowers v. Hartford Life & Accident Ins. Co., No. 2:09–CV–290, 2010 WL 4117515 at *2 (S.D. Ohio 2010); Blajei v. Sedgwick Claims Mgmt. Servs., No. 09–13232, 2010 WL 3855239 at *3–4 (E.D. Mich. 2010)), and at least one Circuit court has concluded that a remand amounts to "some degree of success on the merits." McKay v. Reliance Std. Life Ins. Co., 428 Fed. App'x 537, 547 (6th Cir. 2011); see also Hayden v. Martin Marietta Materials, Inc., No. 5:11-cv-00116, 2012 WL 5362871, *3 (W.D. Ky. Oct. 31, 2012) (interpreting McKay and noting that "although Hardt did not decide whether remand, alone, was sufficient to make an award of attorneys' fees available under § 1132(g)(1), McKay expressly held that it is").

On the other hand, other courts have concluded that mere remand to the plan administrator is insufficient to warrant an award of attorneys' fees. For example, in Dickens v. Aetna Life Ins. Co., No. 2:10–cv–00088, 2011 WL 1258854, *5–6 (S.D. W.Va. Mar. 28, 2011), the court remanded the matter to the plan administrator after concluding that the plan administrator had, *inter alia*, failed to consider certain evidence. The Dickens court declined to award attorneys' fees because it did not determine that the plaintiff was disabled and as such, the remand was a "purely procedural victory." Id. at *6; see also Vivas v. Harford Life and Acc. Ins. Co., No. 22992, 2013 WL 5226720, at *3 (S.D. Fla. June 17, 2013) (reaching same conclusion).

The First Circuit has concluded only since <u>Hardt</u> that "[t]he statutory standard is satisfied as long as the merits outcome produces some meaningful benefit for the fee-seeker." <u>Gastronomical Workers Union Local 610 & Metropolitan Hotel Ass'n Pension Fund v. Dorado Beach Hotel Corp.</u>, 617 F.3d 54, 66 (1st Cir. 2010). Here, the Court concludes that the previously ordered remand amounts to "some degree of success on the merits." <u>Hardt</u>, 560 U.S. at 245.

Although Cannon sought the award of short term and long term disability benefits, D. 1 ¶ 62, the Court does not conclude that the remand it ordered here, even given its limits, was only a purely procedural or trivial victory. As an initial matter, the Supreme Court's focus in <u>Hardt</u> was whether "the plan administrator has failed to comply with the ERISA guidelines" and "that Ms. Hardt did not get the kind of review to which she was entitled under applicable law." <u>Hardt</u>, 560 U.S. at 255. This Court has reached the same conclusion as to Aetna's treatment of Cannon's claim. First, this Court concluded that Aetna failed to comply with "ERISA's interpretive guidelines specify that a plan's claims procedure fails to provide a reasonable opportunity for a full and fair review" by failing to provide Cannon with his claim file. D. 52 at 17. Second, the Court concluded that Cannon did not get the kind of review to which he was entitled when Aetna failed to consider reports from Dr. Chiang despite the suggestion from its own reviewing physician that consideration of same would be "beneficial." <u>Id.</u> at 16 (remanding to Aetna to ensure that "Cannon has been provided a full and fair review").

Defendants argue Cannon only achieved a "procedural victory." D. 59 at 1. Contrary to Defendants' assertion, remand did produce "some meaningful benefits for the fee-seeker." <u>Gastronomical Workers</u>, 617 F.3d at 66. Here, remand provided a meaningful benefit:

> The plaintiff, once sidelined, is now back in the game, with another shot at reaching his or her goal. Even if the plaintiff does not win the game, he or she

won the opportunity to play a little longer. Also, on remand, the plan administrator is bound by court order to follow its proper procedures. Whether the court found that the plan violated ERISA, or simply that it may have abused its discretion in denying benefits, the plan administration will have to show that it reached its conclusion fairly on remand. In neither regard is plaintiff's success trivial.

Scott, 2011 WL 2601569, at \*7 (citations omitted). Accordingly, the Court concludes that Cannon achieved "some degree of success on the merits."

**B.     The _Cottrill_ Factors Support an Award of Attorneys' Fees**

Although not necessarily required to reach the five factors discussed in Cottrill, 100 F.3d at 225, Hardt, 560 U.S. at 255 & n.8, even reaching the Cottrill factors, the Court's analysis does not change.

As discussed above, the Contrill factors are: (1) the plan administrators' culpability or "bad faith"; (2) its capacity to pay a fee award; (3) the ability of a fee award to deter future violations; (4) the benefit conferred upon plan participants or beneficiaries; and (5) the merit of the parties' positions. Cottrill, 100 F.3d at 225. Consistent with the Supreme Court's guidance, the Court does not apply these factors mechanically, but concludes that as a general matter, they are all present in some form. See id. (describing factors as "flexible").

First, Aetna was culpable at least as to the bases for remand. It was on notice of Dr. Chiang's opinions and did not make the effort to retrieve them, despite their own reviewing physician's recommendation to do so. Although it is possible that Aetna's failure to do so may have been merely negligent and not evidence of bad faith, this first factor, at a minimum does not weigh against some award of attorneys' fees. Second, as to capacity, the Court agrees with Aetna that "capacity to pay, by itself, does not justify an award," Cottrill, 100 F.3d at 226-27 (internal citations omitted), yet Aetna does not appear to dispute Cannon's contention that they have such capacity. D. 59 at 7. Third, the Court agrees here that the ability to deter future

violations of ERISA guidelines is a "mixed bag," Cottrill, 100 F.3d at 227, but in light of the Court's conclusion as to culpability, notes that there is at least some value to deterring culpable or at least the negligent actions committed here. Fourth, the Court agrees with Cannon that the result here provides a common benefit to all Plan participants – the right to full and fair review of their claims. Fifth and finally, the Court cannot truly evaluate the merits of Cannon's position in light of the Court's conclusion that remand was necessary to determine whether Cannon is entitled to benefits. Accordingly, consideration of the Cottrill factors support at least some award.

### C.     The Court Will Not Award Fees in the Amount Sought

Cannon has asked for $51,730.00 in attorneys' fees. D. 55-4 at 8. To determine whether this is an appropriate award, the Court must use the lodestar method, multiplying a reasonable number of hours spent at a reasonable hourly rate. Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir. 2008). In addition, however, the Court may reduce the fee award if the claimant only achieved some degree of success on some of his claims. Hayden, 2012 WL 5362871, at *8 (halving fee award where court remanded matter to plan administrator on limited basis for reconsideration of mental health claim but found that administrator's determination on physical disability claim was not arbitrary and capricious); see also Jones v. Walgreen Co., 09-CV-30004-MAP, 2012 WL 603587, at *3 (D. Mass. Feb. 23, 2012) (noting that "[i]t is well established . . . that a court may make its own estimate of a proper fee without parsing the request line by line, provided that its reasoning is clear enough to permit review").

Aetna has not disputed the reasonableness of the hourly rate of Cannon's attorneys. See D. 59. It has, however, asserted that the Court should reduce the award based upon (1) an unreasonable numbers of hours spent on Cannon's long-term disability claim and on summary

judgment; and (2) Cannon's limited success.  The Court addresses these arguments as follows.

### 1.    *The Number of Hours Spent*

Aetna argues that Cannon's attorneys' fee request did not account for Cannon's voluntary dismissal of his claim for long term disability benefits, on which Cannon did not achieve some degree of success.  D. 59 at 11.  The Court agrees.  ERISA claimants are not entitled to recover fees on portions of their claim on which they did not achieve some degree of success.  Hayden, 2012 WL 5362871, at *8; see also Diaz v. Jiten Hotel Mgmt., Inc., 930 F. Supp. 2d 319, 321 (D. Mass. 2013) (applying same rule in age discrimination case), aff'd, 741 F.3d 170 (1st Cir. 2013). Here, early in the litigation, Cannon voluntarily dismissed his claim for long term benefits.  D. 35.  Prior to his voluntary dismissal of his claim for long term benefits, Cannon incurred $3,640.00 in fees.  The Court reduces this amount by half, or $1,820.00.  In addition, the Court deducts $770.00, the time attributable to the dismissal of Cannon's long term disability claim, including time spent drafting the tolling agreement for the long term disability claim.

Aetna also argues that the claimed time for the dispositive motion briefing and argument of 102.7 hours is excessive.  D. 59 at 12.  The Court agrees in part.  Courts have concluded that similar amounts of time spent for briefing and argument on dispositive motions excessive even where complex legal issues were involved.  See Horney v. Westfield Gage Co., 227 F. Supp. 2d 209, 216 (D. Mass. 2002) (finding 84 hours to research and draft opposition to summary judgment motion unreasonable in employment discrimination litigation); McLaughlin ex rel. McLaughlin v. Boston Sch. Comm., 976 F. Supp. 53, 61 (D. Mass. 1997) (finding 63.04 hours devoted to cross-motions for summary judgment unreasonable in civil rights litigation).

However, in light of the 509-page administrative record in this case, the Court acknowledges the time-intensiveness of drafting a dispositive motion of this nature.  That having

been said, Cannon's attorneys billed 47.8 hours for preparation for and attendance at oral argument alone. D. 55-4 at 8. This appears excessive in light of the amount of time Cannon's attorneys spent briefing this matter. See Poy v. Boutselis, 92 Fed. App'x 5, 6 (1st Cir. 2004) (reducing recoverable hours for time spent preparing for oral argument by one-third and noting that "[a] claim of 18 hours to prepare for oral argument seems to us admirable but not a reasonable amount to impose on an adversary"). Accordingly, the Court reduces the number of recoverable hours for time spent preparing for oral argument by 15%. Although Cannon incurred $16,730.00 for preparing for and attending oral argument relative to the parties' motions for summary judgment, D. 55-4 at 8, the Court will reduce this award to $14,220.50.

In sum, whereas Cannon asserts that he is entitled to recover $51,730.00 in attorneys' fees, the Court reduces this amount to $46,630.50.

2. *In Light of Cannon's Partial Success, He Can Only Recover a Proportional Amount of Fees*

Although the Court concluded that Aetna should have obtained Dr. Chiang's medical records, the Court also concluded that "Aetna's decision to give weight to the medical opinions of the two independent reviewing physicians does not render its claim decision arbitrary and capricious, particularly given the opinions of the reviewing physicians based upon the record then available to them." D. 52 at 14. In addition, as to both of the procedural violations asserted by Cannon, that Aetna erred by: (a) incorrectly defining disability in the October 6, 2010 letter terminating Cannon's benefits; and (b) failing to perform an adequate vocational review of Cannon's occupation as a pharmacist, the Court found in Aetna's favor. Id. at 22, 24. In addition, the Court concluded that Aetna's award of benefits for only four days of Cannon's hospitalization was not arbitrary and capricious, though it left this matter open for consideration in light of the absence of Dr. Chiang's records. D. 52 at 18-19. The Court concludes, therefore,

that there was some degree of success on this claim. In short, Cannon succeeded on some, but not all of his grounds for relief. "Where a plaintiff achieves 'only partial or limited success,' an award of attorney's fees based upon the litigation as a whole would be inappropriate." Petrone, 2014 WL 1323751, at \*3 (citing Hensley v. Eckerhart, 461 U.S. 424, 435–36 (1983)). Accordingly, the Court awards one-half of the remaining fees subject to an award, or $23,315.25.

### D. The Court Will Award Some Costs

ERISA allows recovery for costs for fees of the clerk and service, copy costs, and docket fees. 28 U.S.C. § 1920; Merigan v. Liberty Life Assur. Co. of Boston, 839 F. Supp. 2d 445, 447-48 (D. Mass. 2012) (collecting cases for proposition that successful ERISA claimants may only recover costs enumerated in 28 U.S.C. § 1920). Cannon seeks recovery of $94.58 in postage and delivery charges and $328.25 in "litigation document production" costs. D. 55-4 at 9. Accordingly, whereas Cannon seeks $911.09 in costs, the Court will award only $582.84, which accounts for the Court's deduction of postage, delivery and litigation document production costs from the award.

## IV. Conclusion

For the foregoing reasons, the Court ALLOWS Cannon's motion for attorneys' fees and costs, but reduces the award to $23,315.25 in attorneys' fees and $582.84 in costs.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge